IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| LEON SCOTT JR.,<br>    Plaintiff,<br><br>v.<br><br>THE CITY OF AMARILLO, and<br>PETRO STOPPING CENTERS, L.P.,<br>and TRAVELCETNERS OF AMERICA,<br>L.L.C.,<br>    Defendants. | )<br>)<br>)<br>)<br>)  Case No. 2:08-CV-00231-J<br>)<br>)<br>)<br>)<br>)<br>) |

## BRIEF IN SUPPORT OF DEFENDANT CITY OF AMARILLO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

CITY OF AMARILLO
CITY ATTORNEY'S OFFICE
Post Office Box 1971
Amarillo, Texas 79105-1971
Telephone (806) 378-3081
Facsimile (806) 378-3018


By:   /s Courtney Goodman-Morris
     Courtney Goodman-Morris
     Assistant City Attorney
     State Bar No. 24040991
     Marcus W. Norris
     City Attorney
     State Bar No. 15091300

     **ATTORNEYS FOR DEFENDANT**
     **CITY OF AMARILLO**

## Table of Contents

**Page**

Table of Contents............................................................................................ii

Table of Authorities........................................................................................iii

Introduction.....................................................................................................1

I.  Plaintiff has not Claimed Defendant City Adopted a Policy, Custom or Practice Which Resulted in Plaintiff's Alleged Unlawful Arrest and Detention, Alleged Violation of the Fourth and Fourteenth Amendments and Alleged State Law Violations..............1

II. A Fair Reading of Plaintiff's Complaint Indicates No Allegation Other Than Mere Negligence By a City Employee Which is No Basis for City Liability Under § 1983......3

Conclusion and Prayer.....................................................................................3

Brief in Support of Defendant City of Amarillo's
Motion to Dismiss for Failure to State a Claim Upon
Which Relief Can be Granted

Page ii

## Table of Authorities

**Cases**  **Page**

*Baker v. Putnal,*
    75 F.3d 190, 199-200 (5th Cir. 1996)..........................................................................1

*Beattie v. Madison Cnty. Sch. Dist.,*
    254 F.3d 595, 600 n.2 (5th Cir. 2001)........................................................................3

*Bennett v. City of Slidell,* 728 F.2d 762, 767-70 (5th Cir. 1984), *cert. denied,*
472 U.S. 1016 (1985)..........................................................................................................2

*Board of Cnty. Comm'rs of Bryan Cnty. v. Brown,*
    520 U.S. 397, 404 (1997).................................................................................1, 2

*Burge v. Parish of St. Tammany,*
    187 F.3d 452, 470-71 (5th Cir. 1999).........................................................................2

*Collins v. City of Harker Heights, Tex.,*
    503 U.S. 115, 120 (1992).............................................................................................2

*Monell v. New York City Dep't of Social Serv.,*
    436 U.S. 658, 690-95 (1978)..................................................................................1, 2, 3

*Pembaur v. City of Cincinnati,*
    475 U.S. 469, 480-81....................................................................................................2

*Pineda v. City of Houston,*
    291 F.3d 325, 330 (5th Cir. 2002)...............................................................................2

*Piotrowski v. City of Houston,*
    237 F.3d 567, 578 (5th Cir. 2001)...............................................................................2

Brief in Support of Defendant City of Amarillo's
Motion to Dismiss for Failure to State a Claim Upon
Which Relief Can be Granted

Page iii

**TO THE HONORABLE COURT:**

Defendant, CITY OF AMARILLO, (hereinafter "CITY"), files this Brief in support of its Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted as follows.

## Introduction

Plaintiff, Leon Scott sued Defendant CITY after he was arrested and detained by Amarillo police officers for criminal trespass. Plaintiff's claims are based on alleged violations of his United States Constitutional Rights under the Fourth and Fourteenth Amendments in violation of Title 42, § 1983 and state law claims including excessive force, negligence, negligence per se, unlawful arrest and false imprisonment. However, Plaintiff has not alleged a necessary element of a § 1983 claim: not alleging a specific policy, custom, or practice, or action by an ultimate decision maker in the police department that resulted in Plaintiff's alleged unlawful arrest and detention, alleged violations of the Fourth and Fourteenth Amendments and alleged violations of state law.

I.  **Plaintiff has not Claimed Defendant City Adopted a Policy, Custom or Practice Which Resulted in Plaintiff's Alleged Unlawful Arrest and Detention, Alleged Violations of the Fourth and Fourteenth Amendments, and Alleged Violations of State Law.**

In order for Defendant CITY to be held liable under § 1983, its officials must have perpetrated a constitutional wrong when executing a policy or custom. *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690-95 (1978); *Baker v. Putnal*, 75 F.3d 190, 199-200 (5th Cir. 1996); *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (holding that a plaintiff must show a "direct causal link between the municipal action and the deprivation of federal rights" before a municipality may be held liable under 42 U.S.C.A. § 1983).

Brief in Support of Defendant City of Amarillo's
Motion to Dismiss for Failure to State a Claim Upon
Which Relief Can be Granted

Page 1

Analysis of a §1983 claim against a municipality requires two distinct inquiries: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the city is responsible for the violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Even if Plaintiff's alleged facts are taken as true, Plaintiff has not alleged a custom or policy of the CITY that caused the injury. For the CITY to be held liable under §1983, its policy-making officials must have perpetrated a constitutional violation through its policy or custom or tolerance of a practice. *See Monell*, 436 U.S. at 964. A governmental policy exists if conduct of a governmental employee is officially sanctioned or ordered by a governmental decision-maker. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81; *see also Burge v. Parish of St. Tammany*, 187 F.3d 452, 470-71 (5th Cir. 1999). On the other hand, a custom may only be inferred if a governmental employee engages in acts that, although not formally approved by an appropriate decision-maker, are so widespread they have the force of law. *Brown*, 520 U.S. at 404.

Where a municipality is the defendant, the burden is on the plaintiff to prove the additional elements of: (1) the existence of an unconstitutional policy, custom or practice of the municipality, that (2) caused the deprivation of right complained of, and (3) that the acts complained of were authorized or ratified by a policy maker with final policymaking authority, or were taken pursuant to this unconstitutional policy, custom or practice. *Bennett v. City of Slidell*, 728 F.2d 762, 767-70 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). Entity liability under § 1983 requires the unconstitutional conduct alleged "be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Therefore, to hold a government unit liable, a plaintiff must

Brief in Support of Defendant City of Amarillo's
Motion to Dismiss for Failure to State a Claim Upon
Which Relief Can be Granted

Page 2

demonstrate a policy-making governmental official has knowledge of an alleged unconstitutional custom. *Pineda v. City of Houston*, 291 F.3d 325, 330 (5th Cir. 2002).

Plaintiff does not allege that Defendant CITY (1) has adopted, approved or sanctioned an unconstitutional policy, custom or practice, (2) has engaged in any acts so widespread that although not formally approved, the act carries the force of law, (3) that the acts complained of were authorized or ratified by a policy maker with final policymaking authority, or were taken pursuant to this unconstitutional policy, custom or practice, or (4) that CITY had any knowledge of an alleged unconstitutional custom. *See* ¶¶ 20-23, *Plaintiff's First Amended Complaint*.

## II. A Fair Reading of Plaintiff's Complaint Indicates No Allegation Other Than Mere Negligence By a City Employee Which is No Basis for City Liaibility Under § 1983.

An entity cannot be held liable solely because it employs a tortfeasor. *Monell*, 436 U.S. at 691. In other words, a municipality cannot be held liable under § 1983 for its employees' alleged violation of policy under a theory of *respondeat superior*. *Id*.; *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 600 n.2 (5th Cir. 2001).

At best, Plaintiff has identified individual constitutional violations or mere negligence on the part of a single officer, Mr. Holsey, which cannot be attributed to CITY under a theory of *respondeat superior*. *See* ¶¶ 20-23, *Plaintiff's First Amended Complaint*. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

## III. Conclusion

For the foregoing reasons Defendant CITY respectfully requests that its Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted be granted and this Court dismiss Plaintiff's §1983 claims with prejudice and dismiss Plaintiff's state law claims without prejudice.

Brief in Support of Defendant City of Amarillo's
Motion to Dismiss for Failure to State a Claim Upon
Which Relief Can be Granted

Page 3

Respectfully submitted,

CITY OF AMARILLO
CITY ATTORNEY'S OFFICE
Post Office Box 1971
Amarillo, Texas 79105-1971
Telephone (806) 378-3081
Facsimile (806) 378-3018
courtney.goodman-morris@amarillo.gov
marcus.norris@amarillo.gov


By:  /s Courtney Goodman-Morris
     Courtney Goodman-Morris
     Assistant City Attorney
     State Bar No. 24040991
     Marcus W. Norris
     City Attorney
     State Bar No. 15091300

**ATTORNEYS FOR DEFENDANT
CITY OF AMARILLO**


## CERTIFICATE OF SERVICE

I hereby certify that on April __28__, 2009 a true, correct and complete copy of the foregoing instrument was served upon the following attorneys of record by United States Postal Service, certified mail, return receipt requested.

Lewis Coppedge
Burdett, Morgan, Williamson & Boykin, LLP
3423 Soncey Road, Suite 300
Amarillo, Texas 79119
Telephone (806) 358-8116
Facsimile (806) 358-1901

Robert E. Barfield
1606 A South Tyler
Amarillo, Texas 79102-3140
Telephone (806) 372-1001
Facsimile (806) 373-0317


     /s Courtney Goodman-Morris
     Courtney Goodman-Morris

Brief in Support of Defendant City of Amarillo's
Motion to Dismiss for Failure to State a Claim Upon
Which Relief Can be Granted

Page 4