**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **LEON SCOTT JR.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Case No. 2-08CV-231-J** |
| | § | |
| **THE CITY OF AMARILLO,** | § | |
| **PETRO STOPPING CENTERS, L.P.,** | § | |
| **TRAVELCENTERS OF AMERICA,** | § | |
| **L.L.C., and TA OPERATING, L.L.C.,** | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW Leon Scott Jr. ("Scott"), Plaintiff, complaining of the City of Amarillo, Petro Stopping Centers, L.P., TravelCenters of America, L.L.C., and TA Operating, L.L.C. (Petro Stopping Centers, L.P. TravelCenters of America, L.L.C., and TA Operating, L.L.C. collectively referred to as "TravelCenters"), Defendants, and, for cause of action, respectfully shows:

### Parties

1.      Leon Scott Jr., Plaintiff, is an individual residing at 614 Boston Place, Amarillo, Texas 79107.

2.      The City of Amarillo, Defendant, is a corporate entity of the State of Texas, that may be served with process by serving Mayor Debra McCartt at the City Hall, 509 S.E. Seventh Avenue, P.O. Box 1971, Amarillo, Texas 79105.

3.      TravelCenters of America, L.L.C., Defendant, is a corporate entity, that may be served with process by certified mail directed to its Managing Director, President, and Chief Executive Officer, Mr. Thomas M. O'Brien, at its corporate office at 24601 Center Ridge Road, Westlake, Ohio 44145.

4.      Petro Stopping Centers, L.P., Defendant, is a corporate entity, that may be served with process by certified mail directed to Mr. Thomas M. O'Brien at Petro Stopping Centers, L.P.'s corporate office at 24601 Center Ridge Road, Westlake, Ohio 44145.

5.      TA Operating, L.L.C., Defendant, is a Delaware limited liability company, that may be served with process by serving its registered agent for service of process, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

Jurisdiction and Venue

6.      The jurisdiction of this Court over the City of Amarillo with regard to the cause of action brought under U.S.C., Title 42, Section 1983 *et seq.*, (the "Section 1983 claim") is invoked pursuant to U.S.C., Title 28, Sections 1331 and 1343(a)(3), as hereinafter more fully appears.

7.      The jurisdiction of this Court over the City of Amarillo with regard to the remainder of the claims against it is invoked pursuant to U.S.C., Title 28, Section 1367(a), because those claims are so related to the Section 1983 claim that they are part of the same case or controversy under Article III of the United States Constitution, as hereinafter more fully appears.

8.      The jurisdiction of this Court over TravelCenters with regard to the cause of action brought under U.S.C., Title 42, Section 2000a *et seq.* (the "Civil Rights Act of 1964 claim"), is invoked pursuant to U.S.C., Title 42, Section 2000a-6.

9.      The jurisdiction of this Court over TravelCenters with regard to the remainder of the claims against it is invoked pursuant to U.S.C., Title 28, Section 1367(a), because those claims are so related to the Civil Rights Act of 1964 claim that they are part of the same case or controversy under Article III of the United States Constitution, as hereinafter

more fully appears.

10.    Alternatively, the jurisdiction of this Court over TravelCenters is invoked pursuant to U.S.C., Title 28, Section 1332, because the citizenship of all of its members and partners are of states other than Texas, the state of which Scott is a citizen, and the amount in controversy is greater than $75,000, as hereinafter more fully appears.

11.    Venue is proper in this Court under U.S.C., Title 28, Section 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in the district in which this Court is situated, as hereinafter more fully appears.

<u>Jury Trial Demand</u>

12.    Plaintiff hereby demands a jury trial.

<u>Facts</u>

13.    On or about 2:30 to 3:00 P.M. on January 31, 2008, Scott entered the premises of the "Iron Skillet," a restaurant on Interstate Highway 40 E. in Amarillo, Texas. The "Iron Skillet" is a restaurant, owned and operated by Defendant, TravelCenters.

14.    The Iron Skillet restaurant had for many years been patronized by Scott, who had a very good relationship with all of the staff.  On that particular day and time, however, a total stranger approached Scott and introduced himself as the regional manager of TravelCenters, Len Chadwich ("Chadwich").

15.    On information and belief, Chadwich was at the Iron Skillet reviewing and inspecting operations on behalf of TravelCenters.  The acts of Chadwich, employee, were performed while in the employment of TravelCenters to further Defendant's business, to accomplish the objective for which the employee was hired, and within the course and scope of that employment or within the authority delegated to the employee.

16.    Chadwich, without provocation, rudely questioned Plaintiff's presence in said

establishment, and demanded that he leave the establishment, and never return. In the course of said conversation, Chadwich rudely addressed Scott as "black boy" (Scott is of the African-American ethnic community).    Knowing that he had been guilty of no misconduct, Scott refused to leave and went quietly about his business in the restaurant.

17.    A few minutes later, Scott was confronted by an Amarillo police officer named Holsey, who inquired if he was Leon Scott. When Scott answered in the affirmative, the officer said, "You have to come with me."

18.    When Scott inquired why, the officer said that he had a trespassing warrant against him, but did not display any warrant. Instead, the officer placed Scott in handcuffs. After placing Scott in handcuffs, Officer Holsey brutally grabbed Scott's left arm with his left arm. With his right arm, Officer Holsey grabbed the chain holding the handcuffs together and jerked the handcuffs upward sharply, forcing Scott's arms upward. This action caused serious and painful injury to Scott's left shoulder (which later required surgery). Scott was then pushed into a police patrol car and transported to the Potter County Detention Center.

19.    While en route to the Potter County Detention Center, Officer Holsey received a call from a police sergeant, who ordered Officer Holsey to stop his car. That police sergeant told Officer Holsey that multiple people had called in, notifying the Amarillo Police Department and complaining that Officer Holsey's arrest of Scott was brutal and wrongful. The sergeant also stated that Officer Holsey had "done this before."

20.    As the result of these injuries, Scott is disabled from any full-time gainful employment, or part-time employment within the range of Scott's knowledge and skills.

21.    In addition, Scott has suffered severe and excruciating pain, which he did suffer, does now suffer, and will continue to suffer for an indefinite time in the future.

Section 1983 Claim against the City of Amarillo

22.    Plaintiff incorporates and realleges paragraphs 1-21.

23.    Plaintiff further alleges that Officer Holsey, under color of Section 30.05 of the Texas Penal Code, subjected Scott, a citizen of the United States, to a deprivation of his Fourth Amendment right to be free from unlawful searches and seizures and his right under the Fourteenth Amendment of the United States Constitution to due process of law, in violation of U.S.C. Title 42, Section 1983.

24.    Plaintiff alleges that he was arrested without probable cause by Officer Holsey who, under the facts available, did not have an objective, good faith belief that Plaintiff was guilty of the offense charged.  Officer Holsey acted outside the scope of his authority as an officer of the City of Amarillo by effecting an unlawful arrest and by using greater force than was necessary or reasonable in making that arrest.

25.    On information and belief, it is a policy and/or custom of the City of Amarillo to inadequately supervise and train its police officers, including those who were known to have engaged in police misconduct.  As a result of those policies and/or customs, Officer Holsey believed his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated but would be tolerated. *Mack v. City of Abilene*, 461 F.3d 547, 556 (5th Cir. 2006); *see also* the police sergeant's statement that Officer Holsey had "done this before."  As a result, the City of Amarillo was the "moving force" behind the injury alleged. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

26.    Furthermore, Officer Holsey's conduct was borne out of his malice and gross negligence, entitling Plaintiff to an award of exemplary damages.

27.    As a result of Officer Holsey's conduct, Plaintiff suffered, now suffers, and will continue to suffer for an indefinite time into the future, the following damages, all in

amounts to be determined by the jury:

    (a)    Expenses incurred as a result of the imprisonment;

    (b)    Past medical expenses;

    (c)    Future medical expenses;

    (d)    Diminution of earning capacity;

    (e)    Damage to reputation;

    (f)    Mental anguish;

    (g)    Pain and suffering;

    (h)    Attorney's fees;

    (i)    Expert fees; and

    (j)    Exemplary damages.

Negligence Claim against the City of Amarillo
Under Texas Tort Claims Act

28.    Plaintiff incorporates and realleges paragraphs 1-21.

29.    Defendant City of Amarillo may be held to answer in a court of law for the occurrence just described because Scott's claim asserts that Officer Holsey, an employee of the City of Amarillo, was negligent in the use of handcuffs, which are tangible personal property, so that sovereign immunity is waived under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE Sections 101.001 *et seq.*

30.    At all times material, all of the agents, servants, and employees of the City of Amarillo who were in any way connected with the occurrence, including Officer Holsey and the police sergeant, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.

31.    The occurrence described above is the direct and proximate result in the

negligence of the City of Amarillo and its agents, servants and officers, in that Officer

Holsey failed to use his handcuffs as a reasonably prudent police officer would under the

same or similar circumstances.

    32.    As a direct and proximate result of the negligence of the City of Amarillo,

Plaintiff suffered, now suffers, and will continue to suffer for an indefinite time into the

future, the following damages, all in amounts to be determined by the jury:

        (a)    Past medical expenses;

        (b)    Future medical expenses;

        (c)    Diminution of earning capacity;

        (d)    Mental anguish; and

        (e)    Pain and suffering.

    33.    At all relevant times, the City of Amarillo has had actual notice of Scott's

injury.  That actual notice includes and is evidenced by the police sergeants' knowledge

that:

    a)    Scott had been injured and arrested;

    b)    Officer Holsey's negligence in arresting Scott caused Scott's injuries; and

    c)    The identities of the parties involved were Officer Holsey and Scott.

    34.    As a result, the City of Amarillo acquired full, complete, and actual knowledge

of the occurrence giving rise to Scott's cause of action.

Civil Rights Act of 1964 Claim against TravelCenters

    35.    Plaintiff incorporates and realleges paragraphs 1-21.

    36.    Plaintiff further alleges that, at all relevant times, Iron Skillet, owned by

Defendant TravelCenters, was a place of public accommodation as that term is defined in

U.S.C. Title 42, Section 2000a, consisting of, but not limited to, a gasoline station and a

public restaurant facility located at I-40 Lakeside Dr., Amarillo, TX 79101.

37.    Chadwich denied Plaintiff equal access to Iron Skillet by demanding that he leave the establishment on account of his African-American race.

38.    Plaintiff requests the following relief:

(a)    Plaintiff has no plain, speedy, or adequate remedy at law.  For that reason, he seeks injunctive and declaratory relief under U.S.C. Title 42, Section 2000a-3(a).

(b)    Furthermore, Plaintiff seeks attorney's fees and costs under U.S.C. Title 42, Section 2000a-3(b).

<u>Intentional Infliction of Emotional Distress Claim against TravelCenters</u>

39.    Plaintiff incorporates and realleges paragraphs 1-21.

40.    Plaintiff further alleges that the actions of Chadwich were intentional or reckless, and inflicted severe emotional distress on Scott.  Chadwich's conduct has been extreme and outrageous, and should not be tolerated in a civilized society.

41.    Chadwich's actions, and those of his accomplices, have also been a proximate and/or producing cause of severe emotional distress, including humiliation, embarrassment, and anger, to Scott.

42.    Furthermore, in inflicting emotional distress on Scott, Chadwich acted with malice and gross negligence, thereby subjecting Scott to an award of exemplary damages.

43.    As a result of Chadwich's conduct, Plaintiff suffered, now suffers, and will continue to suffer for an indefinite time into the future, the following damages in amounts to be determined by the jury, but which easily exceed $75,000 :

(a)    Past medical expenses;

(b)    Future medical expenses;

      (c)     Diminution of earning capacity;

      (d)     Mental anguish;

      (e)     Pain and suffering; and

      (f)     Exemplary damages.

WHEREFORE, Scott prays that upon trial Scott have judgment against Defendants and receive the full amount of Scott's actual and exemplary damages, attorneys' fees, expert fees, prejudgment and post-judgment interest, court costs, injunctive relief, and for all other legal, equitable, general, and special relief to which Scott may be entitled.

Respectfully submitted,

BURDETT, MORGAN, WILLIAMSON & BOYKIN, L.L.P.
3423 Soncy Road, Suite 300
Amarillo, Texas 79119
(806) 358-8116     (806) 358-1901 fax
lcoppedge@bmwb-law.com

By: _____
        Lewis Coppedge SBN 04806500

and

Robert E. Barfield
SBN 01730000
1606-A S. Tyler
Amarillo, Texas 79102-3140
(806) 372-1001     (806) 373-0317 fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned certifies a copy of this document was, on the 3rd day of June, 2009, served on all parties of record or their counsel as follows:

Marcus Norris
Courtney Goodman-Morris
City of Amarillo
509 S.E. 7th Avenue
Amarillo, Texas 79105

Lee Ann Reno
Sprouse Shrader Smith, P.C.
P.O. Box 15008
Amarillo, Texas 79105-5008

_____
Lewis Coppedge